**7557**

NO. 7557.                    STATE OF LOUISIANA.

INTERSTATE TRUST & BANKING CO
                             COURT OF APPEAP
        VS

GERLANDO ALFANO.            PARISH OF ORLEANS.

OPINION.

By his Honor John St. Paul.

Tho defendant, appellee here, moves to dismiss this appeal under the following circumstances;

On October 4th, 1917 plaintiff sued defendant for $1665 alleging that defendant had illegally collected certain rent, to wit, rent for the months of January 1914 to January 1917 both inclusive (say 2C months at $45 per month); same having been paid to defendant by one Henry Capus for the use of certain premises which plaintiff had caused to be seized for debt by the Civil Sheriff, and which wore then under seizure as the property of the Succession of Joseph Franck; all of which rent plaintiff claims should have been paid to the sheriff and applied towards the discharge of its writ, upon which there still remains due an amount in excess of the claim herein made.

Defendant filed a plea of prescription of one year.

On January 24th 1918 the trial judge maintained the plea of prescription as to all the claim for rents prior to the month of October 1916 and rejected plaintiff's demand as to previous months, limiting plaintiff's claim to the months of October, November and December 1916 and January 1917; and said judgment was signed on January 30th 1918.

Thereafter defendant answered denying liability for the rent for October, November and December 1916 and January 1917; but he declined to answer as to the rent for the prior months on the ground that by the judgment aforesaid same had been eliminated from the case and was no longer an issue therein.

There was no further action in the case until January 29th 1919. On that day plaintiff discontinued, waived and abandoned its claim for the months of October, November and December 1916 and January 1917, reserving however its right of appeal from the judgment aforesaid, which had been rendered on January 24th 1918 and signed on January 30th 1918.

462

## II.

The motion to dismiss is based upon the ground that the judgment was not final; that being interlocutory it heeded *no* signing; and more than one year had elapsed since the rendition thereof when the appeal was taken.

## III.

It must be conceeded that under the jurisprudence the judgment appealed from was not _final_ when rendered, because it did not _then_ dispose of all the issues in the case. Harris vs Stocket, 3£ An 387; State ex rel Pflug vs Judge, 35 An 765; Bossier's Heirs vs Hollingsworth & Jackson, 117 La 221.

But it is only in that respect that the judgment was not final, to wit, because it _then_ left other issues still to be decided. Otherwise the judgment had the _form_ and _substance_ of a final judgment.

Now it is manifest that the only reason why an appeal is not allowed from a judgment which though final in form and substance as far as it goes, yet does not dispose of all the issues in the case, is the inconvenience of having numerous appeals in the same case as well as the irregularity involved in splitting up a case so as to have some issue already pending on appeal whilst other issues are still pending in the trial court. See 117 La (226)

But it must be borne in mind that the right to h e a preliminary or interlocutory judgment reviewed on appeal at some time or other exists unimpaired and is only suspended until such judgment becomes final by being merged into the last judgment, the one which disposes of all the issues involved. 117 La 221

Hence where all possibility of the inconvenience and irregularity aforesaid ceases, the rule founded thereon must also cease. Cessante ratione legis, cesset ipsa lex.

The essential feature of the whole matter seems therefore to be whether or not, when the appeal is taken, the whole case has been finally disposed of in the court below; and it seems to us that it is quite immaterial under the circumstances, whether

this be the result of a subsequent judgment by the court, or be brought about by the act of the parties or either of them.

For, turn it and twist it as you will, the fact remains that the case then stands with a judgment which effectively and forever disposes of certain controversies between the parties, and does so adversely to the interests of one of them.

We are therefore of opinion that where a judgment has the form and substance of a final judgment and is unappealable only because it does not dispose of all the issues in the case, such judgment becomes final and appealable whenever all the other issues are disposed of or eliminated from the case whether by action of the court of the parties.

We think the judgment appealed from became final and appealable when plaintiff discontinued its demand for the balance of its claim not previously rejected. By that fact the judgment then became the last and only judgment which could be rendered in the case and disposed of all the issues therein. 117 La. 221. *Moreover The appeal was taken in time, having been taken within a year after the judgment was signed. C.P. 593.* The motion to dismiss is therefore denied.